UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| In Re:<br><br>JERRY ALLEN CLARK JR,<br><br>PATTI ROBINSON CLARK,<br><br>Debtor(s). | In Proceedings Under Chapter 13<br><br>Case No. 2:19-bk-13992-SHG<br><br>STIPULATED ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN |
|---|---|

The Modified Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Modified Chapter 13 Plan of the Debtor as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtor shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income. Debtors shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1 – 25 | $790.00 |
| 26 – 28 | $985.00 |
| 29 – 60 | $1,125.00 |

The payments are due on or before the 30th day of each month commencing November 30, 2019. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtors shall provide, directly to the Trustee copies of their **federal** and **state** income tax returns for 2019, 2020, 2021, 2022 and 2023 tax years within 14 days of filing them. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income.

(2) Other Property. *Debtor's plan payments have been increased to reimburse plan for 2019 and 2020 tax refunds. The Debtors shall provide, directly to the Trustee their net federal and state income tax refunds for tax years 2021, 2022 and 2023 as supplements to the plan for the benefit of unsecured*

*creditors. In the event that other property is submitted, it shall be treated as supplemental payments.*

In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(B) **DURATION.** This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) Administrative expenses:

> Attorney Fees. Benjamin J. Wright shall be allowed compensation of $4,500.00. Counsel received $0.00 prior to filing this case. Attorney shall be paid $4,500.00 by the Trustee from Plan proceeds for pre-confirmation services. An additional $750.00 shall be paid to Counsel for plan confirmation.

(2) Claims Secured by Real Property:

> a. None.

(3) Claims Secured by Personal Property:

> a. Desert Financial Credit Union ("Desert FCU"), secured by a 2012 Volkswagen Bug, has filed a secured claim in the amount of $9,470.38. Desert FCU shall be paid its claim, in full, with 6.50% interest. Desert FCU shall receive $43.00 per month as adequate protection.
>
> b. Desert Financial Credit Union ("Desert FCU"), secured by a 2012 Mazda Speed3, has filed a secured claim in the amount of $7,118.50. Desert FCU shall be paid its claim, in full, with 6.50% interest. Desert FCU shall receive $61.00 per month as adequate protection.
>
> c. Desert Financial Credit Union ("Desert FCU"), secured by a 2005 Ford Explorer, has filed a secured claim in the amount of $921.78. Desert FCU shall be paid its claim, in full, with 6.50% interest. Desert FCU shall receive $22.00 per month as adequate protection.

d. Ally Capital ("Ally"), secured by a 2011 Hyundai Tucson, has filed a secured claim in the amount of $12,386.58. Ally shall be paid its claim, in full, with 6.50% interest. Ally shall receive $46.00 per month as adequate protection.

(4) Unsecured Priority Claims:

    a. None.

(5) Surrendered Property. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

    a. None.

(6) Other Provisions:

    a. The Debtors will file an amended/Modified Plan, Schedule I and J, provide two current pay stubs for each employer, bring monthly operating reports current, and increase Plan payments turning over all disposable income should Debtor-spouse become employed prior to completion of the Plan.

(7) Unsecured Nonpriority Claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. The property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

## ORDER SIGNED ABOVE

Approved as to Form and Content By:

Edward J. Maney, Trustee

Benjamin J. Wright, Attorney for Debtors

Date: 3/9/2022

3

Case 2:19-bk-13992-SHG    Doc 53    Filed 03/16/22    Entered 03/16/22 10:13:00    Desc
Main Document    Page 3 of 3